## BARNETT and Another *v.* SPENCER.

An assignment on a sealed note of the balance due, (part having been paid and the payment indorsed,) was held good.

A sealed note given to an agent by the claimant of a tract of land, in consideration of the payee's agreement to abandon the prosecution of a claim to the land, which he had undertaken to prosecute for his principal, is fraudulent and void.

*Saturday,*
*December* 31.

ERROR to the *Allen* Circuit Court.

DEWEY, J.—Debt by *Spencer*, assignee of *Harris*, against *Barnett* and *Hanna*. The declaration states that the defendants *James Barnett* and *Samuel Hanna*, (the plaintiffs in error,) on, &c., claimed an undivided moiety of a certain tract of land, which they had purchased of one *Taylor*, who had a claim of title to it under the pre-emption laws of the *United States;* that they and *Taylor* were in possession of the land as tenants in common; that one *Gibo* before, and at the same time, also claimed the same land by virtue of title in him under the same laws, having a superior and better title than *Taylor;* that *Gibo*, for and in consideration that one *Harris* had undertaken to use his influence to have his title to the land confirmed, on, &c., executed his power of attorney to *Harris,* authorising and empowering him to act as the agent and attorney of *Gibo* to obtain a confirmation of his title,—which power of attorney was lost; that at the same time the power of attorney was executed, *Gibo* also made his obligation to *Harris* and bound himself in the penalty of 5,000 dollars to convey to *Harris* a moiety of one-third of the land, provided the title to the same should be decided to be in *Gibo*,—which obligation was also lost; that afterwards, on, &c., the defendants, in consideration of the agreement of *Harris* to prosecute the claim of *Gibo* to the land no further, executed to him their writing obliga-

tory, and thereby promised to pay him 400 dollars in three months, for value received; that afterwards, on, &c., the defendants paid *Harris* 155 dollars and one cent, which was credited on the writing obligatory; and that afterwards *Harris*, by endorsement on the writing obligatory by him subscribed, assigned the sum of 244 dollars and 99 cents, it being the amount unpaid, to the plaintiff; whereby an action, &c.; concluding in proper form. The defendant demurred generally. Judgment for the plaintiff.

An objection is made to the legality of the assignment of the cause of action by *Harris* to the plaintiff, on the ground that only a part of the contract is attempted to be assigned. This objection is not well taken. The assignment is of the whole sum due on the contract, and is in effect a transfer of the contract itself. *Harris* parted with all his interest in it.

The demurrer, however, should have been sustained. The declaration shows that the consideration of the contract on which it is founded, is deeply tinctured with fraud, at least on the part of *Harris*, the payee of the note. He had for a good consideration, and being clothed with full power from *Gibo*, undertaken to lend his aid in procuring the confirmation of the title of the latter to a certain tract of land, of which the plaintiffs in error and their co-tenant *Taylor* under a claim of title held possession. But upon his agreement to prosecute *Gibo's* claim no further, he received from the plaintiffs in error their note for 400 dollars, which he assigned to *Spencer* the defendant in error. In attempting to enforce the payment of this demand, *Spencer* can stand in no better situation than his assignor.

"It is extremely difficult to advance any general principle or elementary doctrine upon the subject of fraud," so various are the forms which it assumes. But it may safely be said that no claim founded in bad faith, in moral turpitude, in deception upon the public, or a third person, or in fraud practiced by one contracting party on the other, can constitute a good cause of action; and that whenever such a claim makes its appearance in a Court of justice, the law, ever watchful of public morals and private right, is sure to defeat the dishonest scheme, either by exerting its power or withholding its aid.

The objection to the validity of the contract under consideration is, that it was the price of the treachery of *Harris* to his

Nov. Term,  principal, *Gibo.* He had no right to contract to be unfaithful
1836.       to him. It is no answer to this view of the subject to say, that

ARMSTRONG   the withdrawal of *Harris* from the interest of *Gibo*, could not
v.          impair the claim of the latter to the land. It deprived him of
THE BOARD OF
COMM'RS. &c. the services of his agent, and may well be supposed to have
embarrassed and delayed him in the prosecution of his rights.
Besides, where fraud is imputed, the question is not—whether·
it has been successful, but whether it exists. Instances may
be found in which contracts have been held to be void as being
fraudulent upon third persons, when no injury was in fact
done them. 3 Term Rep. 551.—4 Moore, 78. But admit that
the conduct of *Harris* took nothing whatever from *Gibo*, of
course, it could convey nothing to *Barnett* and *Hanna;*
it would then follow, that instead of a fraudulent consider-
ation, the contract had no consideration at all, and that it is
void for that reason. We view it, however, in the former
light, and hold that as a contract executed in consideration of
the faithlessness of an agent to his principal, it is fraudulent
and void.

The foregoing and following authorities clearly show that
the case presented by the record, belongs to that class of con-
tracts which have been decided to be invalid as frauds upon
third persons. 1 Com. on Cont. 37, 38.—Chitt. on Cont. 214,
222 to 227.—2 Term Rep. 763.—4 id. 166.—4 B. & C. 319.
3 id. 605.—4 Esp. R. 179 (1).

*Per Curiam.*—The judgment is reversed with costs. Cause
remanded, &c.

*C. W. Ewing* and *J. S. Newman,* for the plaintiffs.
. *H. Cooper,* for the defendant.

(1) There was another point decided in this case, but as it has been since
overruled, it is not here noticed.